**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| TAVERN L. DOWNING, SR., | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 7:26-CV-00193-WLS |
| DON TILACK, *et al.*, | : | |
| Defendant. | : | |

**ORDER**

Plaintiff Tavern L. Downing, Sr., proceeding *pro se*, moves to transfer this case to the Middle District of Florida. (Doc. 4.) For the reasons discussed below, Downing's motion, (Doc. 4), is denied and the Court dismisses this action without prejudice because venue is improper in the Middle District of Georgia.

## I. BACKGROUND

On January 6, 2026, Downing filed a lawsuit in this district against Defendants Don Tilack and D & D Transmission and General Repair Inc. Complaint, *Downing v. Tilack*, No. 7:26-CV-00003-WLS (M.D. Ga. Mar. 24, 2026). In that action, Downing filed an application for leave to proceed *in forma pauparis*. The Court denied the application and twice ordered Downing to pay the filing fee. After Downing twice failed to do so, the Court dismissed the action without prejudice on March 24, 2026.

On July 7, 2026, Downing filed this lawsuit against the same defendants and paid the filing fee. (Doc. 1.) Downing alleges that he delivered his vehicle to D & D for brake repairs and that, after the repairs, a brake caliper detached while he was driving with his wife and children, causing a complete loss of brake fluid and braking power. (*Id.* ¶¶ 10–15.) According to the complaint, Downing and his family narrowly avoided catastrophic injury or death. (*Id.* ¶ 16.) Downing attributes the malfunction to D & D employees, stating that they "failed to properly install, torque, inspect, and road-test the braking system prior to release." (*Id.* ¶ 17.) Downing claims that after the incident, he confronted D & D's owner, who admitted that the

employee who performed the brake repair was high on illegal drugs while working on the vehicle. (*Id.* ¶¶ 18–20.) The complaint invokes the Court's diversity jurisdiction and asserts claims for negligence, reckless endangerment, negligent infliction of emotional distress, negligent hiring, supervision and retention, and breach of contract. (*Id.* ¶¶ 24–42.)

In his motion to transfer venue, Downing contends that he inadvertently filed this case "in the Middle District of Georgia, Valdosta Division, when the proper federal forum is the Middle District of Florida, Tampa Division." (Doc. 4 ¶ 1 (emphasis omitted).) Rather than dismiss and refile, Downing moves to transfer this case to the proper venue under 28 U.S.C. § 1406(a) or, alternatively, 28 U.S.C. § 1404(a). (*Id.*) Downing has not filed a proof of service for either defendant, and no other party has appeared in this action.

Downing states that the events giving rise to this action occurred in Polk County, Florida. (*Id.* ¶ 15.) In his complaint, Downing alleges that he is a citizen of Georgia and resides in this district. (Doc. 1 ¶ 2.) He also alleges that D & D is incorporated in Florida with its principal place of business in Winter Haven, which is in the Middle District of Florida. (*Id.* ¶ 3.) Downing does not mention Tilack's citizenship in either his complaint or his motion.[1]

## II. DISCUSSION

There are two transfer statutes at issue here—§ 1404, the convenience transfer statute, and § 1406, the improper venue statute. If venue in the original district is proper, § 1404(a) applies, and if venue is improper, § 1406(a) applies. *See Atlantic Marine Constr. Co. v. U.S. District Court*, 571 U.S. 49, 55 (2018); *Van Dusen v. Barrack*, 376 U.S. 612, 633–34 (1964), *superseded by statute on other grounds*, 28 U.S.C. § 1631.

### A. Venue is improper in this district.

Whether venue is proper "depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue law . . . ." *Atlantic Marine*, 571 U.S. at 55. The general federal venue statute allows a plaintiff to bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

[1] All the complaint mentions of Tilack is that he was D & D's agent and that he informed Downing that his vehicle was ready for pickup. (Doc. 1 ¶ 11.) The motion does not mention Tilack whatsoever. (*See* Doc. 4.)

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, an entity defendant is deemed to reside in any district in which it is subject to a court's personal jurisdiction, and a natural person is deemed to reside in the district in which they are domiciled. *Id.* § 1391(c)(1)–(2). Because D & D is a Florida corporation with its principal place of business in the Middle District of Florida, it resides in that district. *See id.* § 1391(c)(2).

Because Downing does not allege that any defendant resides in this district, or that any substantial part of the events giving rise to this action occurred here, there is no basis to lay venue here under § 1391(b)(1) or (b)(2). The record likewise does not establish a basis for exercising personal jurisdiction over either defendant in this district, rendering venue improper under § 1391(b)(3) as well. Because venue is improper in this district, the convenience transfer statute is irrelevant, and the Court analyzes the motion under § 1406(a). *See Van Dusen*, 376 U.S. at 633–34.

**B. Downing has not shown that he could have brought this action in the Middle District of Florida.**

Where venue is improper, a "court may transfer the case if (1) the proposed transferee court is one in which the action 'could have been brought' and (2) transfer would be 'in the interest of justice.' " *Leach v. Peacock*, No. 2:09CV738, 2011 WL 1130596, at *4 (M.D. Ala. Mar. 25, 2011) (quoting 28 U.S.C. § 1406(a)). The Court therefore analyzes whether Downing could have brought this action in the Middle District of Florida.

First, under § 1391(b)(2), venue is proper in a "district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." Downing alleges that the events giving rise to his claim occurred in the Middle District of Florida, making venue proper there.[2] Second, the Middle District of Florida likely also has personal jurisdiction over at least one

---

[2] Because Downing alleges that D & D resides in the Middle District of Florida, if Tilack also resides in Florida—which Downing fails to allege—venue would be proper there under § 1391(b)(1) as well.

defendant. Because D & D is incorporated in Florida and has its principal place of business in Florida's Middle District, it is subject to personal jurisdiction there. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). But the record does not establish whether the District Court for the Middle District of Florida has personal jurisdiction over the other named defendant, Don Tilack. Nowhere in the complaint does Downing state where Tilack is domiciled, where Tilack performed the relevant actions, or what "minimum contacts" with the district he might have. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

More crucially, Downing has not shown that either this Court or the Middle District of Florida has subject matter jurisdiction over this action. A federal court has diversity jurisdiction under 28 U.S.C. § 1332 only where there is "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citations omitted). In other words, a court lacks diversity jurisdiction where any plaintiff is a citizen of the same state as any defendant. *See id.*

Downing alleges that he is a citizen of Georgia, and that D & D is a citizen of Florida, but says nothing of Tilack's citizenship. (Doc. 1 ¶¶ 2–3.) And because Downing does not allege Tilack's citizenship in either his complaint or his motion, he has not shown that the transferee court will have subject matter jurisdiction over this case. Consequently, he has not shown that he could have brought this action in the Middle District of Florida. The Court therefore does not reach the question of whether transfer would be "in the interest of justice." *See* 28 U.S.C. § 1406(a).

To be clear, the Court does not purport to conclusively determine that Downing cannot establish federal subject matter jurisdiction in any district. It instead determines that venue is improper in this district and that it cannot transfer this action to the Middle District of Florida because Downing *failed to establish* factual allegations sufficient to show that he could have brought his case there. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 ("[A] federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.' " (citations omitted)).

## III. CONCLUSION

Because venue is improper in this Court, and because Downing has not shown that he could bring this action in the Middle District of Florida, the Court cannot transfer the action under § 1406(a). The Court therefore has no choice but to dismiss the action for improper venue.[3] Downing's motion, (Doc. 4), is therefore **DENIED**, and the action is **DISMISSED without prejudice**.

**SO ORDERED**, this 22nd day of September, 2026.

**/s/ W. Louis Sands**
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

[3] The Court notes, however, that this Order does not necessarily deprive Downing of access to a federal forum. If Downing files a new action in the Middle District of Florida, he may be able to establish venue and subject matter jurisdiction if he plausibly alleges that (1) he is a citizen of Georgia; (2) Tilack and D & D are citizens of Florida; and (3) the amount in controversy, exclusive of interest and costs, exceeds $75,000.